UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
ANDRE COFIELD,                                              :
                              Petitioner,                   :
                                                            :         21 Civ. 6585 (LGS)
            -against-                                       :         17 Crim. 610-5 (LGS)
                                                            :
UNITED STATES OF AMERICA,                                   :         **OPINION & ORDER**
                                                            :
                              Respondent.                   :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

Petitioner Andre Cofield brings a petition (the "Petition") pro se for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 and requests counsel be appointed to assist his application. Petitioner moves to vacate his conviction or set aside his sentence of 168 months' imprisonment due to alleged ineffective assistance of counsel. For the following reasons, the motion for appointment of counsel and the Petition are denied.

I.   BACKGROUND

On January 8, 2018, Petitioner was charged in a superseding indictment with one count of conspiracy to distribute narcotics, in violation of 21 U.S.C. §§ 841(a)(1), 846. On November 26, 2018, Petitioner appeared before a magistrate judge and pled guilty to conspiracy to distribute narcotics, in violation of 21 U.S.C. §§ 841(a)(1), 846, in accordance with a plea agreement. As part of his plea agreement, Petitioner agreed he would "not file a direct appeal;" "a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 and/or Section 2241; nor seek sentence modification . . . of any sentence at or below the Stipulated Guidelines Range of 235 to 240 months' imprisonment." On October 10, 2019,

Petitioner was sentenced to 168 months' imprisonment to be followed by three years of supervised release.

On October 26, 2019, Petitioner filed an appeal to the Second Circuit Court of Appeals. On October 14, 2020, Petitioner filed a pro se motion under 28 U.S.C. § 2255 to vacate on grounds of ineffective assistance of counsel. On February 9, 2021, that motion was denied "without prejudice to refile after a decision is issued by the Second Circuit in Defendant's pending case." On July 16, 2021, the Second Circuit denied Petitioner's *Anders* motion, granted the Government's motion to dismiss Petitioner's appeal of his terms of imprisonment and supervised release, and remanded the case to this Court to determine whether the Court intended to impose the search special condition articulated at sentencing.

On August 4, 2021, Petitioner, proceeding pro se, filed the Petition pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence on grounds of ineffective assistance of counsel. On September 27, 2021, Petitioner was resentenced to 168 months' imprisonment to be followed by three years of supervised release, subject to certain special conditions. On October 4, 2021, Andrew Bernstein, Petitioner's counsel at re-sentencing, filed a letter motion requesting to be appointed as counsel to Petitioner for his § 2255 petition.

## II.     STANDARD

A federal prisoner may move to vacate, set aside, or correct his sentence on four grounds pursuant to 28 U.S.C. § 2255:

> (1) 'that the sentence was imposed in violation of the Constitution or laws of the United States, or [(2)] that the court was without jurisdiction to impose such sentence, or [(3)] that the sentence was in excess of the maximum authorized by law, or [(4)] is otherwise subject to collateral attack.'

*United States v. Hoskins*, 905 F.3d 97, 102 (2d Cir. 2018) (alteration in original) (quoting 28 U.S.C. § 2255(a)). "In ruling on a motion under § 2255, the district court is required to hold a

hearing 'unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Gonzalez v. United States*, 722 F.3d 118, 130 (2d Cir. 2013) (quoting 28 U.S.C. § 2255(b)). "To warrant a hearing, the motion must set forth specific facts supported by competent evidence, raising detailed and controverted issues of fact that, if proved at a hearing, would entitle [the petitioner] to relief." *Id.* at 131.

Courts must liberally construe pleadings and other submissions by pro se litigants "to raise the strongest claims [they] suggest[]." *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018). "Nevertheless, a *pro se* litigant is not exempt 'from compliance with relevant rules of procedural and substantive law.'" *Murphy v. Warden of Attica Corr. Facility*, No. 20 Civ. 3076, 2020 WL 2521461, at *1 (S.D.N.Y. May 15, 2020) (emphasis in original) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

### III.  DISCUSSION

Petitioner has not met the criteria to justify the appointment of counsel because his § 2255 motion premised on ineffective assistance of counsel is contrary to his plea agreement and therefore cannot succeed on the merits. For the same reasons, the Petition is denied.

#### A.  Request for Appointment of Counsel

"[T]here is no constitutional right to representation by counsel in habeas corpus proceedings." *United States v. Yousef*, 395 F.3d 76, 77 (2d Cir. 2005). Courts may appoint counsel to a financially eligible habeas petitioner under the Criminal Justice Act when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); *accord Yousef*, 395 F.3d at 77.

"For the Court to order the appointment of counsel, the petitioner must, as a threshold matter, demonstrate that his claim has substance or a likelihood of success on the merits." *James v. Keyser*, No. 20 Civ. 03468, 2021 WL 1040474, at *2 (S.D.N.Y. Mar. 18, 2021) (citing *Hodge*

*v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986)). "Only then can the Court consider the other factors appropriate to determination of whether counsel should be appointed: '[petitioner's] ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity.'" *Tarafa v. Artus*, No. 10 Civ. 3870, 2010 WL 2545769, at *1 (S.D.N.Y. June 9, 2010) (quoting *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989)); *accord James*, 2021 WL 1040474, at *2 (denying petitioner's application for appointment of counsel where claims were "unlikely to be meritorious"); *Tashbook v. Petrucci*, No. 20 Civ. 5318, 2021 WL 622382 at *3 (S.D.N.Y. Jan. 5, 2021) (denying petitioner's request for appointment of counsel when the *Hodge* factors weigh against appointment, such as when the "claim is discrete and not particularly complex," and petitioner "has demonstrated an ability to present the issues competently.").

Petitioner's request for appointment of counsel is denied because, for the reasons discussed below, he has not shown that his § 2255 motion based on ineffective assistance of counsel has a likelihood of success on the merits. *See James*, 2021 WL 1040474, at *2-3 (citing *Hodge*, 802 F.2d at 61-62)).

      **B.**      **Ineffective Assistance of Counsel**

The Petition's assertion of ineffective assistance of counsel is insufficient under the applicable legal standard. The Sixth Amendment provides "the right to the effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). "There is 'a strong presumption that counsel's conduct fell within the wide range of professional assistance.'" *Weingarten v. United States*, 865 F.3d 48, 52 (2d Cir. 2017) (quoting *Lynch v. Dolce*, 789 F.3d 303, 311 (2d Cir. 2015). "To overcome that presumption, a petitioner must establish two

elements. First, the petitioner must show that counsel's performance was deficient by demonstrating that the representation 'fell below an objective standard of reasonableness.'" *Id*. at 52 (quoting *Strickland*, 466 U.S. at 688). "Second, the petitioner must show that counsel's deficient representation was prejudicial to the defense by establishing 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* (quoting *Strickland*, 466 U.S. at 694).

The Petition's ineffective assistance of counsel argument is predicated on a theory that his former counsel "fail[ed] to object to the drug amount and leadership role" at sentencing. Petitioner states that, had he known his attorney would not object, Petitioner would have proceeded to trial.

Petitioner has failed to show that his former counsel was constitutionally ineffective with respect to his guilty plea. Both Petitioner's plea agreement and his statements during his plea proceeding make clear that Petitioner knew that he was being held responsible for a certain drug weight and for leadership in the organization. The written plea agreement contains a detailed stipulated Guidelines calculation including the quantity of drugs for which Petitioner was being held responsible and a four-level enhancement for Petitioner's role in the conspiracy. The written plea agreement also includes a Stipulated Guidelines Range of 235 to 240 months' imprisonment (the "Stipulated Guidelines Range") and specifically precludes the appeal of, or collateral challenge to, "any sentence at or below the Stipulated Guidelines Range."

Petitioner's theory is further undermined by his testimony at his plea proceeding. During that proceeding, Petitioner testified that (1) he had reviewed and understood the indictment and plea agreement with his attorney, (2) he had sufficient opportunity to discuss his guilty plea with his attorney and (3) he was satisfied with the assistance of his attorney. Petitioner also

5

acknowledged that the stipulation "constrict[ed] [his] ability to appeal from or collaterally attack the judgment of conviction or sentence that might be imposed." Petitioner's statements at his plea allocution are accorded a "strong presumption of accuracy." *United States v. Albarran*, 943 F.3d 106, 124 (2d. Cir. 2019). Such testimony "carries such a strong presumption of accuracy that a district court does not, absent a substantial reason to find otherwise, abuse its discretion in discrediting later self-serving and contradictory testimony as to whether a plea was knowingly and intelligently made." *Id.* (quoting *United States v. Juncal*, 245 F.3d 166, 171 (2d Cir. 2001)).

To the extent that Petitioner challenges his sentence, that claim also is barred by his plea agreement, which contains an express waiver of the right to appeal or collaterally attack any sentence within or below the Stipulated Guidelines Range. Petitioner was sentenced to 168 months' imprisonment -- below the Stipulated Guidelines Range -- and the Second Circuit found that his appellate waiver was valid and enforceable in dismissing Petitioner's direct appeal. *United States v. Cofield*, No. 19-3776 (2d Cir. July 16, 2021) (summary order).

Accordingly, Petitioner has not overcome the "presumption that counsel's conduct fell within the wide range of professional assistance," *Weingarten*, 865 F.3d at 52, and his ineffective assistance of counsel claim is denied.

## IV.   CONCLUSION

For the reasons stated above, the motion for appointment of counsel and the Petition are denied. Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Opinion and Order would not

be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 1 in 21 Civ. 6585 and Dkt. No. 668 in 17 Crim. 610-5 and to close 21 Civ. 6585.

Dated: March 14, 2022
      New York, New York

                                            LORNA G. SCHOFIELD
                                     UNITED STATES DISTRICT JUDGE